■ KAREN BEVERINA, Respondent-Appellant, v HENRY WEST et al., Appellants-Respondents. [600 NYS2d 829] —Weiss, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered March 18, 1992 in Warren County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to quash plaintiff's examination before trial transcript, and (2) from that part of an order of said court, entered March 18, 1992 in Warren County, which directed plaintiff to provide medical authorizations to defendants.

This personal injury action resulted from a slip and fall accident at defendants' home on September 7, 1987 in which plaintiff sustained a fractured leg. By order to show cause dated June 5, 1991, plaintiff's attorney sought to be relieved from continued representation. The relief was granted and the action stayed for a period of 30 days from notice of entry of the order and plaintiff was directed to obtain new counsel or proceed *pro se.* While the stay was in effect, defendants proceeded to take plaintiff's testimony at an examination before trial (hereinafter EBT) although she was not represented by counsel. Relying in part upon the EBT transcript, defendants moved for summary judgment dismissing the complaint and to strike the note of issue. They subsequently moved for further discovery contending that plaintiff had refused to supply medical authorizations. Plaintiff opposed the motions and cross-moved to strike the transcript of her EBT because it had improperly been taken. Supreme Court, without a written decision,* denied summary judgment, declined

---

* We take this opportunity to indicate again our concern over the practice of matters being decided without any written rationale *(see, Flax v Standard Sec. Life Ins. Co.,* 150 AD2d 894, 896). Written memoranda assure the parties that the case was fully considered and resolved logically in accordance with the facts and law. Indeed, written memoranda may serve to convince a party that an appeal is unlikely to succeed or to assist this Court when considering procedural and substantive issues when appealed. We urge written memoranda by the Bench to accomplish these goals *(see, Dworetsky v Dworetsky,* 152 AD2d 895, 896).

to strike the transcript and ordered plaintiff to supply unrestricted medical authorizations to defendants. The parties have appealed.

On her appeal, plaintiff contends that Supreme Court should have stricken her EBT testimony because it had been obtained while she was without counsel and during a court-ordered stay to enable her to retain new counsel. CPLR 3103 (c) permits the suppression of information improperly obtained. While defendants place great weight upon plaintiff's opposition to the stay of the action, it is evident that she sought to compel her attorney to continue to represent her and to proceed with her EBT. There being no legitimate explanation for a violation of the stay which was ordered for plaintiff's protection, we conclude that the transcript should be stricken and new EBTs of all parties be held. Plaintiff also contends that the court ordered medical authorizations are too broad, but we find no indication that the material sought is irrelevant to the action and, accordingly, find that such relief was properly denied.

In view of the fact that plaintiff's EBT, which we have struck, constituted the sole evidence in support of defendants' motion for summary judgment, Supreme Court's order denying the motion must be affirmed. In any event, even if defendants had satisfied their initial burden (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), the allegation in plaintiff's affidavit in opposition to the motion that defendant Victoria West acknowledged the existence of a slippery situation on the floor tiles as the result of water spilled from her dog's dish sufficed to raise a legitimate factual issue (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that order No. 1 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion to suppress her examination before trial transcript; cross motion granted and the parties are directed to submit to oral examinations before trial; and, as so modified, affirmed. Ordered that order No. 2 is affirmed, without costs.