■ NEW YORK TRW TITLE INSURANCE, Appellant, v WADE'S

CANADIAN INN AND COCKTAIL LOUNGE, INC., et al., Respondents, et al., Defendants. [605 NYS2d 139] —Mahoney, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered November 5, 1992 in Warren County, which denied plaintiff's motion for partial summary judgment and granted defendants summary judgment dismissing the complaint.

In May 1988, defendant Robert Rastelli (hereinafter Rastelli) entered into a contract to purchase real property located along Canada Street in the Village of Lake George, Warren County. The property was improved by several structures, including a tavern. In furtherance of the purchase, Rastelli applied to Chrysler First Business Credit Corporation for a business loan and Chrysler ultimately approved a $345,000 loan naming Rastelli's newly formed corporation, String of Pearls, Inc., as borrower. The commitment letter recited that as "collateral", Chrysler was to be given a first lien on the Canada Street property, a lease and rent assignment, and a security interest in all fixtures, furniture and equipment at Wade's. In addition, Rastelli was required personally to guarantee the debt.

Matters then proceeded to closing. The closing documents, i.e., the note, mortgage and loan agreement, were prepared by Chrysler and all named defendant Wade's Canadian Inn and Cocktail Lounge, Inc. (hereinafter Wade's), another of Rastelli's corporations which evidently had been substituted for String of Pearls, Inc., as borrower. In addition, other than Rastelli's personal guaranty on the note and loan agreement, these documents were executed only by Wade's. The *deed* to the property, however, was issued not to Wade's but to Rastelli individually. Accordingly, whether by intent or by mistake, the net effect of this transaction, as consummated, was that Chrysler's loan to Wade's was "secured" by a mortgage on property that Wade's did not own.

Shortly thereafter, Rastelli subdivided the Canada Street property and in connection therewith obtained three additional loans totaling $548,000; one from defendant Citibank, one from his father, defendant Benjamin Rastelli, and one from defendant New York Site Development Corporation (hereinafter NYSDC). All these loans were secured by mortgages on the Canada Street property. Unlike the Chrysler mortgage, however, Rastelli executed each of these mortgages individually. However, a review of the NYSDC mortgage and the one to Rastelli's father establishes that both were made expressly subject to the Chrysler mortgage which was characterized therein as a "first mortgage". Default then ensued and

plaintiff, as assignee of the Chrysler mortgage, commenced the instant action to foreclose. While acknowledging in the complaint that Wade's did not own the mortgaged property and Rastelli did not execute the mortgage, in its subsequent motion for partial summary judgment plaintiff claimed that an equitable mortgage existed in favor of its assignor which mortgage was superior to the NYSDC mortgage and the mortgage to Rastelli's father.[1] Wade's and Rastelli (hereinafter collectively referred to as defendants), among others, opposed the motion and cross-moved for summary judgment dismissing plaintiff's claim pursuant to CPLR 3212 (b). Supreme Court granted defendants summary judgment and dismissed the complaint, all without the benefit of a written decision. Plaintiff appeals.[2]

The threshold issue in any claim for equitable relief, including the instant action seeking imposition of an equitable mortgage, is whether relief in equity is warranted or, put another way, whether plaintiff has an adequate remedy at law (see, e.g., *Boyle v Kelley,* 42 NY2d 88, 91). A legal remedy is deemed to be adequate if it is "plain and adequate and as certain, prompt, complete, and efficient to attain the ends of justice and its prompt administration as the remedy in equity" (55 NY Jur 2d, Equity, § 25, at 455; *see also, Dailey v City of New York,* 170 App Div 267, 276, *mod on other grounds* 157 NYS 1121, *affd* 218 NY 665). Here, while plaintiff may have legal remedies, i.e., to pursue Wade's on the note and Rastelli on the guarantee, the record is devoid of any indication that such remedies are or will be adequate. The only evidence contained in the record regarding adequacy is a 1989 appraisal of the property indicating a $934,000 fair market value and defendants' claims that based upon this the property has sufficient equity to satisfy any judgment lien plaintiff may get by pursuing Rastelli on the guarantee. Inasmuch as this appraisal was in excess of three years old at the time the instant motion was made and no other evidence exists to support defendants' legal adequacy argument, we are disinclined summarily to foreclose the availability of equitable relief solely upon the strength of this stale valuation evidence.

1. Apparently realizing that the declaration of an equitable mortgage would not take priority over Citibank's legal mortgage, inasmuch as Citibank apparently had no notice of it, plaintiff did not pursue foreclosure of that part of the property secured by Citibank's mortgage.

2. We note, again, our displeasure with Supreme Court's continued disregard of our comments regarding the issuance of written decisions (see, e.g., *Beverina v West,* 195 AD2d 909).

Nor can it be said that the decree of an equitable mortgage otherwise is unavailable as a matter of law. While defendants claim that such relief can only obtain in a situation where the parties' writings evince an intent to create a mortgage, but the writing fails for "the want of some solemnity" *(Payne v Wilson,* 74 NY 348, 351), and that the error here is more than a technical want of solemnity, precedent does not support such a narrow interpretation. The basis for any equitable mortgage is "the cardinal maxim of equity which regards that as done which has been agreed to be done, and ought to have been done" *(Sprague v Cochran,* 144 NY 104, 114). Its availability is not dependent upon the nature or size of the error, but rather upon the existence of a "clear intent between the parties that [certain] property be held, given or transferred as security for an obligation" *(Datlof v Turetsky,* 111 AD2d 364, 365; *see, Mailloux v Spuck,* 87 AD2d 736, *lv denied* 56 NY2d 507; *see generally,* Bowmar, Mortgage Liens in New York §§ 7.1-7.6, at 163-197). Accordingly, the fact that this mortgage's defects extended beyond the mere failure of an acknowledgment or other technical defect is not fatal to plaintiff's claim.

While an equitable mortgage thus cannot be ruled out as a matter of law, we cannot say on this record that it is warranted as a matter of law either. Rather, we discern the presence of factual issues with regard to the parties' intent. In support of its position that a mortgage was intended, plaintiff points to the loan agreement which expressly provides that Wade's and/or Rastelli was to execute a mortgage on the Canada Street property as security for the moneys advanced, the opinion affidavit of Rastelli's attorney executed the day of closing to the effect that Chrysler had a valid, binding and perfected first mortgage on the Canada Street property, and the notations on two of the subsequent mortgages that they were subordinate to the Chrysler mortgage. Plaintiff also relies upon Rastelli's letter to Chrysler requesting its consent to subdivide the property, arguing that such, in and of itself, evidences his belief that Chrysler had a security interest in it. In opposition, Rastelli submitted an affidavit stating that he had no intent to create a mortgage, a statement he supports by the fact that he was never asked to sign over title to Wade's, the absence on the loan application of any indication that the loan was to be secured by a mortgage and the commitment letter's referral to a "first lien position", not a mortgage. Additionally, he points out that the closing statement indicated "First Mortgage: None" and recited that

Wade's was the borrower, not Rastelli. In view of this, we are inclined to find that summary judgment is unwarranted.

Weiss, P. J., Mercure, Cardona and White, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for summary judgment dismissing the complaint; cross motion denied; and, as so modified, affirmed.