█ ROBERT F. BRISTOL et al., Appellants, v MARY ALYCE EVANS et al., Respondents, et al., Defendants. [620 NYS2d 601] —Peters, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 22, 1993 in Saratoga County, which, *inter alia,* granted a motion by various defendants to compel plaintiffs' compliance with discovery demands.

In this contract action, a discovery dispute arose which emanated from outstanding deposition notices served on plaintiffs in November 1989 as well as demands for discovery and inspection served in May 1990. In January 1991, plaintiffs served upon defendants interrogatories and demands to pro-

duce. Although there are various contentions regarding fault in the failure to complete discovery, defendants served plaintiff in December 1992 with a demand pursuant to CPLR 3216 notwithstanding outstanding discovery. Plaintiffs complied with such demand and filed their note of issue on January 29, 1993. Certain defendants, including defendant Kitchen Dimensions, Inc., thereafter moved for an order striking plaintiffs' note of issue due to such outstanding discovery demands and sought an order of preclusion pursuant to CPLR 3126. Plaintiffs cross-moved for an order pursuant to CPLR 3126 based upon their outstanding request for interrogatories and demands to produce dated January 1991 and sought an order awarding sanctions pursuant to 22 NYCRR 130-1.1.

Pursuant to CPLR 3124, Supreme Court ordered Kitchen Dimensions, among others, to provide answers and responses to all outstanding interrogatories and demands to produce, ordered plaintiffs to comply with all outstanding discovery demands and declared that in the event that either party failed to timely comply as ordered, the parties would be precluded from offering any evidence at trial as to those discovery items demanded and not provided pursuant to CPLR 3126. Plaintiffs appeal.

We first note that as to plaintiffs' contentions that Supreme Court considered "unauthorized and unsworn letters" as the basis for its order, we find such argument to be without merit. The order of the court duly notes the papers upon which it is based. While we have expressed concern in the past about matters being decided without written decision (see, Beverina v West, 195 AD2d 909), we find no error in the ordering of plaintiffs' depositions due to defendants' prior request. We further note that contrary to plaintiffs' contentions, the court fully addressed the relief requested in their cross motion and that the failure of the court to make a determination on the request pursuant to 22 NYCRR 130-1.1 would not be a basis to vacate such decision.

Hence, since we find that as the issues raised herein might well have affected a substantial right of a party (see, CPLR 5701 [a] [2] [v]), the case was properly reviewable and we affirm the order of Supreme Court in its entirety.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.