■ HARRY STERN, Appellant, v JIAB REALTY CORPORATION et al., Respondents. [664 NYS2d 952] —In an action, *inter alia*, for a declaration that the plaintiff is the owner of certain real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Wiener, J.), dated August 29, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the motion is denied, and the complaint is reinstated.

In March 1990, the named individual defendants, as corporate officers of the defendant Yeshiva Chofetz Chaim Radin in Suffern (hereinafter referred to collectively as Yeshiva), entered into a contract to sell a vacant lot to the defendant Jiab Realty Corp. (hereinafter Jiab) for the price of $1.5 million. On July 25, 1990, Yeshiva, by its president, the defendant Matilda Zaks, acknowledged receipt of the full purchase price from Jiab and agreed to convey the property to Jiab or "its assignee" upon receipt of a letter of direction from Jiab or its assignee. On October 29, 1990, Jiab obtained a loan of $500,000 from the plaintiff Harry Stern and, as part of the security for repayment of the loan, assigned to Stern all of its title and interest under the contract with Yeshiva. On that same date, Jiab allegedly sent written notification of the assignment to Yeshiva. The written notification stated, *inter alia*, "Jiab * * * hereby acknowledges that it has today assigned all of its right, title and interest to the agreement of sale between itself as purchaser and Yeshiva * * * to Harry L. Stern as additional security for a loan made on even date herewith. Jiab * * * hereby directs Yeshiva * * * to follow any letter of direction given by Harry L. Stern and waives all of its rights under said contract". On January 18, 1991, Yeshiva conveyed the property to Jiab who, thereafter, in November 1993, transferred title to the property to the defendant Highgate Equities, Ltd. (hereinafter Highgate). Highgate is allegedly owned by the same stockholders as Jiab. Thereafter, Stern commenced this action against the defendants, seeking, *inter alia*, a determination of the competing claims to the property. Stern alleged, among other things, that Yeshiva violated his rights by conveying the

property to Jiab, with full knwledge that he, Stern, was the rightful assignee. He further alleged that Jiab, with the intent of defeating and frustrating his lawful rights in and to the property, fraudulently and unlawfully transferred title to the property to Highgate. The defendants, collectively, submitted an answer, *inter alia*, denying the material allegations of the complaint. Thereafter, the defendants moved for summary judgment dismissing the complaint. The defendants argued, among other thing, that the contract between Yeshiva and Jiab required approval by Yeshiva of any assignment. Yeshiva alleged that it had no knowledge of the assignment between Jiab and Stern. Thus, the defendants argued, the assignment was made without approval and, therefore, was in violation of the contract between Yeshiva and Jiab. In the order appealed from, the Supreme Court dismissed the complaint as against all of the defendants on that ground. We now reverse.

On the record before this Court, there are questions of fact, *inter alia*, as to whether Yeshiva was aware of and approved of the assignment of the contract to Stern and, if so, whether Yeshiva committed actionable conduct by transferring the property to Jiab, and as to whether Jiab committed actionable conduct both by accepting the transfer of the property from Yeshiva after assignment of Jiab's contractual rights to Stern and by Jiab's subsequent transfer of the property to Highgate. Accordingly, the defendants' motion for summary judgment should have been denied (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *New York TRW Tit. Ins. v Wade's Canadian Inn & Cocktail Lounge*, 199 AD2d 661; *Datlof v Turetsky*, 111 AD2d 364). Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.