# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

692
CA 13-01699
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

CANANDAIGUA NATIONAL BANK AND TRUST COMPANY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

MATTHEW PALMER, ALSO KNOWN AS MATTHEW J. PALMER,
DEFENDANT-RESPONDENT,
PALMER AUTOMOTIVE, INC., ET AL., DEFENDANTS.

---

HARTER SECREST & EMERY LLP, ROCHESTER (JESSICA A. MYERS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

WHITCOMB LAW FIRM P.C., CANANDAIGUA (DAVID J. WHITCOMB OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered April 10, 2013. The order denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this mortgage foreclosure action, plaintiff contends that Supreme Court erred in denying its motion for summary judgment. We reject that contention. In August 1997, Matthew Palmer, also known as Matthew J. Palmer (defendant) purchased real property located in Canandaigua. Defendant used the property to operate an automobile repair shop and to sell used cars. To finance the purchase, he obtained a $127,000 loan from plaintiff and, as security for the promissory note, plaintiff obtained a mortgage on the subject property. Approximately six years later, defendant formed defendant Palmer Automotive, Inc. (corporation), but title to the subject property remained with defendant. The corporation thereafter borrowed $125,000 from plaintiff. The promissory note, signed by defendant as president of the corporation, was secured by a second mortgage on the subject property in the amount of $85,000. As noted, however, the corporation did not own the subject property. Plaintiff thus mistakenly took a mortgage on property that the mortgagor did not own.

The corporation eventually defaulted on the promissory note, and plaintiff commenced this action to foreclose on the second mortgage. Recognizing that the corporation did not own the mortgaged property, plaintiff, in its second cause of action, alleges that it has an equitable mortgage on the subject property. Although the complaint

also seeks foreclosure on the first mortgage issued to defendant, plaintiff now acknowledges that defendant is current on the promissory note issued to him, and this action is thus limited to the second mortgage issued to the corporation.  According to plaintiff, it is entitled to an equitable mortgage because the parties clearly intended that the promissory note issued to the corporation was to be secured by the subject property.

"Equity generally 'will keep an encumbrance alive, or consider it extinguished, as will best serve the purposes of justice' " (*Federal Deposit Ins. Corp. v Five Star Mgt.*, 258 AD2d 15, 21).  "The whole doctrine of equitable mortgages is founded upon [the] cardinal maxim of equity which regards that as done which has been agreed to be done, and ought to have been done" (*Sprague v Cochran*, 144 NY 104, 114; *see New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 199 AD2d 661, 664).

" '[A]n equitable mortgage may be constituted by any writing from which the intention so to do may be gathered, and an attempt to make a legal mortgage, which fails for the want of some solemnity, is valid in equity' " (*Hamilton Trust Co. v Clemes*, 163 NY 423, 428; *see Federal Deposit Ins. Corp.*, 258 AD2d at 21).  "While '[a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation' . . . , 'it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances' " (*Tornatore v Bruno*, 12 AD3d 1115, 1118; *see J.P. Morgan Chase Bank, N.A. v Cortes*, 96 AD3d 803, 803-804, *lv denied* 20 NY3d 853).

Here, the court determined that plaintiff is not entitled to an equitable mortgage because the corporation, as mortgagor, did not own the property secured by the mortgage, and an equitable mortgage is available only where there is an "erroneous description" of the secured property.  Contrary to the court's determination, however, the availability of an equitable mortgage "is not dependent upon the nature . . . of the error, but rather upon the existence of a 'clear intent between the parties that [certain] property be held, given or transferred as security for an obligation' " (*New York TRW Tit. Ins.*, 199 AD2d at 664).

We nevertheless conclude that the court properly denied plaintiff's motion for summary judgment because plaintiff failed to establish as a matter of law that both parties clearly intended to secure the promissory note with the subject property.  In support of the motion, plaintiff relied on an affidavit from one of its employees who identifies herself as a "Resource Recovery Officer."  Although the employee states that she is "fully familiar with all of the facts and proceedings heretofore had herein" and is "duly authorized" to give the affidavit, she does not explain how she knows that "it was expressly and impliedly agreed" between the parties to secure the note with the subject property.  For instance, the employee does not state that she was the loan officer involved in approving the loan to the corporation, or that she was otherwise involved in the transaction.

It is not even clear from the affidavit that the employee worked for plaintiff when the loan was issued.  Because plaintiff failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), the court properly denied the motion "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Finally, defendant's contention that plaintiff is not entitled to equitable relief because it has an adequate remedy at law is raised for the first time on appeal and thus is unpreserved for our review (*see Powers v Faxton Hosp.*, 23 AD3d 1105, 1106).

Entered:  July 11, 2014                              Frances E. Cafarell
                                                     Clerk of the Court