■ JOHANNA KUBACKA, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant. [657 NYS2d 770] —In a negligence action

to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated May 30, 1996, which, *inter alia,* granted the plaintiff's motion for summary judgment on the issue of liability after striking the defendant's answer pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

A court may, *inter alia,* strike "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion *(Soto v City of Long Beach,* 197 AD2d 615, 616; *Spira v Antoine,* 191 AD2d 219), "the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" *(Harris v City of New York,* 211 AD2d 663, 664; *see, Lestingi v City of New York,* 209 AD2d 384).

In the instant case, the court did not improvidently exercise its discretion in striking the appellant's answer, following the failure to comply with an order dated December 6, 1995, which directed the appellant to serve and file an amended bill of particulars and responses to combined demands within 10 days or face the penalty of having its answer stricken. The plaintiff satisfied her initial burden of proving willfulness by showing that the appellant repeatedly failed to comply with court orders directing disclosure, and the appellant did not offer a reasonable excuse for such repeated failures *(see, Herrera v City of New York,* 238 AD2d 475; *Porreco v Selway,* 225 AD2d 752; *DeGennaro v Robinson Textiles,* 224 AD2d 574). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.