OPINION OF THE COURT
F. Dana Winslow, J.
The plaintiff’s cross motion for an order striking the defendant’s demand for a jury trial; the defendant’s cross motion for an order permitting him to file a jury demand and, *976 inter alia, granting him leave to reargue a prior order of the court, dated September 30, 1997, are decided as follows:
The defendant’s cross motion for leave to file a jury demand is denied. The plaintiff’s cross motion for an order striking the defendant’s demand for a jury trial is granted. The defendant’s cross motion for an order granting him leave to reargue is denied. The court found that the defendant’s default was willful and warranted striking his answer in its prior order dated September 30, 1997 (see, Matter of Hunter Mech. Corp. v Salkind, 237 AD2d 180 [1st Dept 1997]; Seamon v Apel, 191 AD2d 406; Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94). In light of this finding and the defendant’s failure to offer any proof that the defendant’s failure to appear for deposition was other than willful, under the circumstances presented in the prior order, dated September 30, 1997, the court directed the plaintiff to file and serve a note of issue, inter alia, to place this matter on the nonjury Trial Calendar of this court for a non-jury trial of damages (see, CPLR 3215 [a], [b]). While the defendant has presented no evidence that his default was other than willful, his failure to appear for a deposition conceded only liability (Amusement Bus. Underwriters v American Inti. Group, 66 NY2d 878, 880; McClelland v Climax Hosiery Mills, 252 NY 347, 351) and the defendant is entitled to a full opportunity to cross-examine witnesses, offer testimony and offer proof in mitigation of damages (see, Bowdren v Peters, 208 AD2d 1020; Rokina Opt. Co. v Camera King, 63 NY2d 728, 730).
In considering the request to strike the jury demand, the court notes that the plaintiff and defendant agree that this scenario or procedural fact pattern is infrequently presented and not addressed, of record. If the plaintiff had made a successful motion pursuant to CPLR 3212 or 3211, the defendant would have been entitled to a jury trial on the issue of damages. So long as the jury demand was timely made, the court would have been devoid of discretion to strike such a demand, and the case would have been placed on the TAP I calendar for a jury trial. However, if a successful motion is made pursuant to CPLR 3215 for a default judgment, the matter is set down for a nonjury assessment of damages. The court notes that defendant concedes that the provisions of CPLR 3215 (f) (2) are inapplicable and do not provide a basis for a jury demand under the facts of this case. These motions appear to be a hybrid, i.e., falling between the two results. Since the nature and procedure of civil jury trials and all rights accruing to the litigants *977 thereunder have been created by the Legislature, which has not addressed this issue, the court is not constrained by legislative or constitutional direction. The court finds that the need to properly, speedily and effectively administer justice is best served without the delay and costs incurred in a jury trial. An examination of the possible prejudice to the defendant by striking his demand reveals that he is the party that provided the impetus for the initial court determination to strike the answer and now wants a result that is without precedence or authority. This court will not assist the defendant, particularly when doing so would defer the trial by IV2 years, the difference between the jury and nonjury calendar.
The court notes that it would not have struck a timely served jury demand made by plaintiff in these circumstances. A balancing of the equities would tip in favor of the plaintiff, an innocent party, but does not so, for the defendant, as such a result would reward improper conduct.
The defendant’s jury demand is struck and this matter shall remain on the TAP II or nonjury calendar.