■ JAMSHID LAVI, Respondent, v PARVIS LAVI et al., Appellants. [683 NYS2d 131] —In an action to recover damages for

breach of contract and for an accounting, the defendants appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered February 4, 1998, as (1) upon reargument, granted the plaintiff's motion to strike the defendants' answer pursuant to CPLR 3126 and denied, as academic, the defendants' cross motion to dismiss the complaint, and (2) granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the words "the Defendants' cross-motion is denied as moot" from the second full paragraph thereof and substituting therefor a provision granting the branch of the defendants' cross motion which was to dismiss the plaintiff's third cause of action pursuant to CPLR 3211 (a) (7) and denying the cross motion in all other respects; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A court may strike "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion (*Kubacka v Town of N. Hempstead,* 240 AD2d 374; *Soto v City of Long Beach,* 197 AD2d 615), " 'the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith' " (*Kubacka v Town of N. Hempstead, supra,* at 375; *Harris v City of New York,* 211 AD2d 663, 664).

In the instant case, the court did not improvidently exercise its discretion in striking the defendants' answer following the defendants' failure, for at least five months, to make themselves available to conclude an examination before trial. This failure took place despite a prior order of the court requiring the defendants to be available from day to day until the examinations were concluded or their answer would be stricken (*see, Frias v Fortini,* 240 AD2d 467; *Kubacka v Town of N. Hempstead, supra; Herrera v City of New York,* 238 AD2d 475).

"[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (*Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730; *see also, Vierya v Briggs & Stratton Corp.,* 184 AD2d 766). As a result, the court properly entered an order finding the defendants liable and scheduling an inquest to determine the extent of the damages, if any.

Although the court struck the defendants' answer, the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) was not rendered academic (*see, Green v Dolphy Constr. Co.,* 187 AD2d 635). Since a cause of action to recover damages for fraud will not arise when the only fraud charged relates to a breach of contract (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318; *Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 614; *Jim Longo, Inc. v Rutigliano,* 251 AD2d 547; *Modell's N. Y. v Noodle Kidoodle,* 242 AD2d 248) the plaintiff's third cause of action, which alleged fraud and sought punitive damages, failed to state a cause of action and should have been dismissed (*see,* CPLR 3211 [a] [7]; *Rocanova v Equitable Life Assur. Socy., supra*; *Green v Dolphy Constr. Co., supra*).

The defendants' remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.