■ HEMPSTEAD UNION FREE SCHOOL DISTRICT, Appellant-Respondent, v MICHAEL BUZZEO, Respondent-Appellant. WAS-

SERMAN & STEEN, Nonparty Appellant. [697 NYS2d 687] —In an action to recover money allegedly converted by the defendant, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 22, 1998, as granted that branch of the defendant's cross motion pursuant to CPLR 3126 which was to dismiss the complaint, and directed the plaintiff's attorney to submit an affirmation on the issue of whether a sanction should be imposed against it, and (2) an order of the same court, dated August 26, 1998, as denied its motion to reargue the defendant's cross motion and directed its attorney to pay a sanction of $750 to "the IOLA Fund"; the defendant cross-appeals from so much of (1) the order dated June 22, 1998, as granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike the answer, and directed his attorney to submit an affirmation on the issue of whether a sanction should be imposed against his attorney, and (2) the order dated August 26, 1998, as directed his attorney to pay a sanction of $750 to "the IOLA Fund"; and Wasserman & Steen, the attorney for the defendant, appeals from so much of the order dated August 26, 1998, as directed it to pay a sanction of $750 to "the IOLA Fund".

Ordered that the appeal and cross appeal by the parties from so much of (1) the order dated June 22, 1998, as directed their respective attorneys to submit an affirmation on the issue of whether a sanction should be imposed, and (2) the order dated August 26, 1998, as imposed a sanction upon their respective attorneys, are dismissed, without costs or disbursements, as the parties are not aggrieved thereby; and it is further,

Ordered that the appeal by the plaintiff from so much of the order dated August 26, 1998, as denied its motion for reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 26, 1998, is modified by deleting therefrom the words "the IOLA Fund", and substituting therefor the words "the Lawyers' Fund for Client Protection"; as so modified, the order dated August 26, 1998, is affirmed insofar as appealed from by Wasserman & Steen, without costs or disbursements; and it is further,

Ordered that the order dated June 22, 1998, is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly exercised its discretion, *inter alia*, by granting the parties' respective motions to strike each other's pleadings in light of their willful and contumacious behavior in failing to obey a court order and conduct which frustrated the disclosure scheme provided by the CPLR (*see,*

CPLR 3126 [3]; *Garcia v First Spanish Baptist Church,* 259 AD2d 465; *Garnett v Hudson Rent A Car,* 258 AD2d 559; *Lavi v Lavi,* 256 AD2d 602; *Frias v Fortini,* 240 AD2d 467; *Kubacka v Town of N. Hempstead,* 240 AD2d 374).

The Supreme Court properly imposed a sanction upon Wasserman & Steen. However, sanctions imposed on an attorney are to be deposited with the Lawyers' Fund for Client Protection (22 NYCRR 130-1.3), and we modify the order dated August 26, 1998, accordingly. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.