■ KENYA S. HUDSON, as Administrator of the Estate of DORETHEA HUDSON, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [700 NYS2d 67] —In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 18, 1998, as, in effect, denied that branch of her motion which was to strike the defendant's answer pursuant to CPLR 3126 (3).

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the branch of motion which was to strike the answer is granted, the answer is stricken, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

This action arises from the asthma-related death of the plaintiff's decedent while she was incarcerated in the defendant's correctional facility. For approximately three years, the defendant has failed to respond to the plaintiff's requests for the disclosure of, inter alia, the decedent's incarceration records, the names and addresses of eyewitnesses, accident reports, and any statements of witnesses. In addition, the defendant has disobeyed two court orders requiring the disclosure

of such information, and has failed to offer any valid excuse for its defaults.

The defendant's willful and contumacious conduct can be inferred from its repeated failures to comply with orders directing disclosure and the inadequate excuses offered to excuse its failure to comply (*see, Espinal v City of New York,* 264 AD2d 806). In light of the evidence of the defendant's willful and contumacious conduct, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the defendant's answer (*see, Herrera v City of New York,* 238 AD2d 475; *Espinal v City of New York, supra*). Accordingly, the answer is stricken and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages (*see, Espinal v City of New York, supra; see also, Lavi v Lavi,* 256 AD2d 602).

The defendant's remaining contention is improperly raised for the first time on appeal and, in any event, is without merit. Mangano, P. J., Ritter, McGinity and Smith, JJ., concur.