■ BIRCH HILL FARM, INC., Respondent, v WILLIAM O. REED, Appellant. [707 NYS2d 188] —In an action to recover damages for veterinary malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J), entered April 30, 1999, which, in effect, denied his unopposed motion to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the complaint is dismissed.

Although actions should be resolved on the merits wherever possible (*see, Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580), a court may, *inter alia*, strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of the Supreme Court's discretion (*see, Espinal v City of New York,* 264 AD2d 806; *Soto v City of Long Beach,* 197 AD2d 615, 616), striking a pleading is appropriate where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith (*see, Harris v City of New York,* 211 AD2d 663, 664; *accord, Lestingi v City of New York,* 209 AD2d 384).

Here, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to dismiss the complaint (*see, Espinal v City of New York, supra*). The plaintiff's

willful and contumacious conduct can be inferred from its failure to either comply with or object to the defendant's discovery demands for almost five years (see, Ranfort v Peak Tours, 250 AD2d 747), coupled with its failure to offer any excuse for not responding (see, Porreco v Selway, 225 AD2d 752). Thus, the defendant satisfied his initial burden of proving willfulness, and the burden shifted to the plaintiff to offer a reasonable excuse for its failure to comply (see, Furniture Fantasy v Cerrone, 154 AD2d 506). As the plaintiff did not respond to the defendant's motion to dismiss the complaint, it offered no excuse to the Supreme Court for its failure to comply with the outstanding discovery demands. Therefore, we have not considered the plaintiff's proffered excuse, which is improperly offered for the first time on appeal.

Accordingly, the defendant's motion to dismiss the complaint is granted. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.