■ IRMA POLANCO, Respondent, v GEORGE DURAN et al., Appellants. [717 NYS2d 643] —In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 5, 2000, which granted the plaintiff's motion pursuant to CPLR 3126 (3) to strike the answer for failure to comply with a preliminary conference order and to appear at an examination before trial, and (2) an order of the same court dated April 25, 2000, which denied their motion, in effect, for leave to reargue the prior motion.

Ordered that the appeal from the order dated April 25, 2000, is dismissed; and it is further,

Ordered that the order dated January 5, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

A court may, *inter alia*, strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter within the discretion of the court (*see, Kubacka v Town of N. Hempstead,* 240 AD2d 374; *Herrera v City of New York,* 238 AD2d 475, 476), striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith (*see, Birch Hill Farm v Reed,* 272 AD2d 282; *Little v Long Is. Jewish Med. Ctr.,* 231 AD2d 496, 497; *Harris v City of New York,* 211 AD2d 663). Here, the defendants' willful and contumacious conduct can be inferred from their failure to comply with the court's preliminary conference order directing that depositions be held on a date certain, and their continued adjournment of scheduled depositions without an adequate excuse (*see, DeJulio v Wulf,* 260 AD2d 425; *Castrignano v Flynn,* 255 AD2d 352; *Brady v County of Nassau,* 234 AD2d 408).

Since the defendants' motion, denominated as one for renewal and reargument, was not based upon new evidence which was unavailable at the time of the original motion, it was actually a motion for reargument (*see, Citibank v Olson,* 204 AD2d 381; *Chiarella v Quitoni,* 178 AD2d 502). The appeal from the order denying that motion must therefore be dismissed, as no appeal lies from an order denying reargument (*see, Schumer v Levine,* 208 AD2d 605; *DeFreitas v Board of Educ.,* 129 AD2d 672). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.