■ MOSTAFA ALI, Respondent, v SAM LAZEROVITCH et al., Defendants, and SCHARF's GROCERY, Appellant. [721 NYS2d 797] —In an action to recover damages for personal injuries, the defendant Scharf's Grocery appeals from an order of the Supreme Court, Kings County (Jones, J.), dated May 3, 2000, which only conditionally granted that branch of its motion which was pursuant to CPLR 3126 to dismiss the complaint for failure to disclose, and, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted without condition, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The Supreme Court improvidently exercised its discretion in only conditionally granting that branch of the appellant's motion which was pursuant to CPLR 3126 to dismiss the complaint for failure to disclose. The nature and degree of the

penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court. Dismissal of a complaint is appropriate where there is a clear showing that the failure to comply with discovery demands was willful, contumacious, or in bad faith. Such willful and contumacious conduct can be inferred from the plaintiff's repeated failures to comply with orders directing his examination before trial, and the inadequate reasons offered to excuse the failure to comply (*see, Espinal v City of New York,* 264 AD2d 806; *Herrera v City of New York,* 238 AD2d 475; *Porreco v Selway,* 225 AD2d 752; *Baumann v Dee,* 100 AD2d 504). Moreover, in opposition to the appellant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see, Scotti v W.M. Amusements,* 226 AD2d 522). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.