■ JENNIFER QUINN, Plaintiff, v RICHARD A. MENZEL, Defendant and Third-Party Plaintiff-Respondent. CORPORATE PROPERTY INVESTORS, INC., Third-Party Defendant-Appellant. [722 NYS2d 892] —In an action to recover damages for personal injuries, the third-party defendant appeals from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated September 6, 2000, which granted the motion of the third-party plaintiff pursuant to CPLR 3126 (3) to strike the answer of the third-party defendant, and (2) an order of the same court dated October 18, 2000, which denied the motion of the third-party defendant, denominated as one to renew and reargue the prior motion, which was, in fact, a motion for reargument.

Ordered that the appeal from the order dated October 18, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 6, 2000, is affirmed; and it is further,

Ordered that the third-party plaintiff-respondent is awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting the motion of the third-party plaintiff to strike the answer of the third-party defendant (*see,* CPLR 3126 [3]). The willful and contumacious conduct of the third-party defendant can be inferred from its repeated failure to comply with court-ordered discovery and the demands of the third-party plaintiff as well as the inadequate excuse offered for its failure to comply (*see, Espinal v City of New York,* 264 AD2d 806).

The motion of the third-party defendant which was denominated as one for leave to renew and reargue the prior motion to strike the third-party answer was not based on new facts which were unavailable at the time of the original motion. Therefore the motion was actually one to reargue, the denial of which is not appealable (*see, Duffy v Wetzler,* 260 AD2d 596; *Bossio v Fiorillo,* 222 AD2d 476). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.