■ Sally Yona et al., Appellants, v Beth Israel Medical Center et al., Respondents. [726 NYS2d 732] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated August 8, 2000, which granted the defendants' respective motions pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Pursuant to CPLR 3126 (b) (3), the Supreme Court possesses the discretion, *inter alia,* to dismiss an action as a sanction for willful discovery defaults. "While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of the Supreme Court's discretion * * * striking a

pleading is appropriate where there is a clear showing that the failure to comply with discovery demands is willful, contumacious or in bad faith" (*Birch Hill Farm v Reed,* 272 AD2d 282; *see, Polanco v Duran,* 278 AD2d 397; *Martignetti v Ricevuto,* 271 AD2d 508).

There is ample support in the record for the dismissal of the complaint. After several compliance conferences and a stipulation failed to induce the plaintiffs to comply with their discovery obligations, the Supreme Court served a 90-day demand pursuant to CPLR 3216 (b). The plaintiffs responded by serving a certificate of readiness accompanying their note of issue which falsely attested to the completion of discovery when, in fact, no depositions had been held, the infant plaintiff had not been produced for a physical examination, and numerous items of discovery remained outstanding. Clearly that certificate of readiness was knowingly and wrongfully submitted as a tactical matter to stave off dismissal. This misuse of process indicates the plaintiffs' bad faith. Furthermore, the plaintiffs' protracted and repeated failure to provide ordered and stipulated discovery demonstrates that their failure was willful and contumacious (*see, Birch Hill Farm v Reed, supra*; *Ranfort v Peak Tours,* 250 AD2d 747). Accordingly, the dismissal of the complaint was a provident exercise of the Supreme Court's discretion.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.