■ ROGER NICOLETTI et al., Respondents, v OZRAM TRANSPORTATION, INC., Appellant. [730 NYS2d 165] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated August 23, 2000, which granted the plaintiffs' motion pursuant to CPLR 3126 and 3215 for leave to enter a judgment against it upon its failure to comply with discovery demands to the extent of striking the answer and directing an inquest.

Ordered that the order is affirmed, with costs.

While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter within the discretion of the court, the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands was willful, contumacious, or in bad faith (see, Polanco v Duran, 278 AD2d 397). The Supreme Court providently exercised its discretion in striking the answer. The defendant's willful and contumacious conduct can be inferred from its repeated failure to comply with the plaintiffs' discovery demands, to respond to inquiries from the plaintiffs' counsel, to comply with a conditional order of preclusion, and the inadequate excuse offered for its failure to comply (see, Quinn v Menzel, 282 AD2d 513; Hudson v City of New York, 267 AD2d 351; Espinal v City of New York, 264 AD2d 806). Such conduct was not excused by the defendant's belated compliance with the plaintiffs' discovery demands in response to the instant

motion, approximately seven months after the conditional order of preclusion became final.

The defendant's contention that the Supreme Court erred in directing that the inquest proceed on the nonjury calendar is improperly raised for the first time on appeal and is, in any event, without merit (*see, Aliano v LaMaina,* 176 Misc 2d 975, *affd* 255 AD2d 276). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.