■ WAYNE BRANDES et al., Respondents, v PIRNIE-BAKER, J.V., et al., Defendants, and BAKER ENGINEERING NY, INC., Defendant and Third-Party Plaintiff-Respondent. FISCHBACH & MOORE, INC., Third-Party Defendant-Appellant. [733 NYS2d 905] —In an action to recover damages for personal injuries, etc., the third-party defendant, Fischbach & Moore, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated April 10, 2001, as granted the respective motions of the plaintiffs and the defendant third-party plaintiff pursuant to CPLR 3126 to strike its answer, and (2) from an order of the same court, dated May 22, 2001, which denied its motion, denominated as one for leave to renew and reargue, which was, in effect, for leave to reargue.

Ordered that the appeal from the order dated May 22, 2001, is dismissed; and it is further,

Ordered that the order dated April 10, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Dismissal of a party's pleading pursuant to CPLR 3126 is within the discretion of the Supreme Court where, as here, the

party's repeated failure to comply with orders of the court directing disclosure, without excuse, supports an inference that the failure to provide disclosure was willful and contumacious (*see, Ranfort v Peak Tours,* 250 AD2d 747; *Frias v Fortini,* 240 AD2d 467; *Kubacka v Town of N. Hempstead,* 240 AD2d 374).

The appellant's motion, denominated as one for leave to renew and reargue was, in effect, in fact a motion only for leave to reargue (*see, Polanco v Duran,* 278 AD2d 397, 398; *Desola v Mads,* 213 AD2d 445), the denial of which is not appealable (*see, Polanco v Duran, supra*). Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.