◼ MARIA MICHAEL, Plaintiff, v GENERAL TIRE, INC., et al., Defendants. (Action No. 1.) JAMES E. WATERS, Appellant, v GENERAL TIRE, INC., et al., Respondents. (Action No. 2.) [736 NYS2d 625] —In two related actions to recover damages for personal injuries, James E. Waters, the plaintiff in Action No. 2, appeals from (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated August 14, 2000, which denied his motion for leave to reargue a prior motion to vacate an order of the same court, dated June 15, 1998, which granted the defendants' respective motions to dismiss the complaint in that action, and (2) a judgment of the same court, entered September 1, 2000, dismissing the complaint in Action No. 2 insofar as asserted against the defendants General Tire, Inc., and Nissan Motor Corporation in USA.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

James E. Waters, the plaintiff in Action No. 2 (hereinafter the plaintiff), was injured on September 8, 1990, when a tire on a vehicle he was driving allegedly "blew out," causing him to become involved in a collision. He subsequently brought an action against General Tire, Inc. (hereinafter General Tire), the manufacturer of the tire, Nissan Motor Corporation in USA (hereinafter Nissan), the manufacturer of the vehicle and the party that had mounted the tire, and Habberstad Nissan-BMW, Inc. (hereinafter Habberstad), the Nissan dealership that sold the vehicle. General Tire and Nissan moved by notice of motion dated February 3, 1998, to dismiss the complaint insofar as asserted against them based on the plaintiff's failure to comply with discovery demands dated September 26, 1995,

and Habberstad moved for similar relief. The plaintiff failed to respond to the motions. The Supreme Court granted the motions by order dated June 15, 1998. By notice of motion dated February 9, 2000, the plaintiff moved to vacate that order. The Supreme Court denied the motion, and subsequently denied the plaintiff's motion for leave to reargue, by order dated August 14, 2000. The Supreme Court entered judgment on September 1, 2000, dismissing the complaint insofar as asserted against General Tire and Nissan.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in dismissing his complaint on the ground that he failed to produce requested documents and failed to comply with orders directing compliance with discovery demands (see, CPLR 3126 [3]; *Cavaliere v Episcopal Health Servs.*, 287 AD2d 532; *Birch Hill Farm v Reed*, 272 AD2d 282). Moreover, the plaintiff failed to offer a reasonable excuse for the default on the motion to dismiss and failed to establish the existence of a meritorious cause of action in his motion to vacate the order granting the motion to dismiss. That order was based, inter alia, upon his failure to answer the motions to dismiss (see, CPLR 5015 [a] [1]; *Gurda v Mullins*, 287 AD2d 596). Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.