■ JOANNE EMANUEL, Respondent, v BROADWAY MALL PROPERTIES, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. SCHINDLER ELEVATOR CORPORATION, Third-Party Defendant-Respondent-Appellant. [741 NYS2d 278] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff and the third-party defendant separately appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated June 25, 2001, which granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendant's answer, and (2) the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the same court, dated December 19, 2001, as, in effect, upon renewal, adhered to the prior determination to strike the answer and granted the third-party defendant's motion to dismiss the third-party complaint to the extent of severing the third-party action.

Ordered that the appeal by the third-party defendant is dismissed as abandoned (*see* 22 NYCRR 670.8); and it is further,

Ordered that the appeal by the defendant third-party plaintiff from the order dated June 25, 2001, is dismissed as that order was superseded by the order dated December 19, 2001, made upon renewal; and it is further,

Ordered that the appeal by the defendant third-party plaintiff from that portion of the order dated December 19, 2001, as granted the third-party defendant's motion to dismiss the third-party complaint to the extent of severing the third-party action is dismissed as the defendant third-party plaintiff is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order dated December 19, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff and the third-party defendant are awarded one bill of costs, payable by the defendant third-party plaintiff.

Contrary to the contention of the defendant third-party plaintiff, Broadway Mall Properties, Inc. (hereinafter Broadway), upon renewal, the Supreme Court properly adhered to its prior determination to strike its answer. To invoke "the drastic remedy of striking a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent" (*Poulas v U-Haul Intl.,* 288 AD2d 202 [internal quotation marks omitted]; *see Nicoletti v Ozram Transp.,* 286 AD2d 719; *Polanco v Duran,* 278 AD2d 397). However, where a party disobeys a court order and by its conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court (*see Abouzeid v Cadogan,* 291 AD2d 423; *Frias v Fortini,* 240 AD2d 467). Here, Broadway's failure to comply with two court orders directing disclosure, and its protracted delay in providing a partial response to the plaintiff's discovery demands, which were not adequately explained by the additional facts submitted on renewal, supported an inference that its failure to provide disclosure was willful and contumacious (*see Brandes v Pirnie-Baker, J.V.,* 288 AD2d 413; *Poulas v U-Haul Intl., supra; Nicoletti v Ozram Transp., supra; Kingsley v Kantor,* 265 AD2d 529). Accordingly, the Supreme Court providently exercised its discretion in striking Broadway's answer.

In response to the third-party defendant's motion to dismiss the third-party complaint, Broadway argued that the court should sever the third-party action as an alternative to dismissal. Thus, the appellant is not aggrieved by the portion of the order dated December 19, 2001, which granted its request to sever the third-party action, and its appeal from this portion of the order is dismissed (*see* CPLR 5511; *Jobco, Inc. v County of Nassau,* 129 AD2d 614, 616). Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.