■ JERRY CASTELLE, Appellant, v FRANK EVANGELISTA, Respondent, et al., Defendants. [751 NYS2d 372] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated June 19, 2001, which granted the motion of the defendant Frank Evangelista to dismiss the complaint insofar as asserted against him and to vacate two mechanic's liens and two lis pendens with respect to his real property, upon the plaintiff's failure to comply with prior discovery orders, and (2) a judgment of the same court, entered September 17, 2001, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The nature and the degree of the penalty to be imposed pursuant to CPLR 3126 for a party's failure to disclose is a determination that lies within the sound discretion of the trial court (*see Lavi v Lavi,* 256 AD2d 602; *Kubacka v Town of N. Hempstead,* 240 AD2d 374). In this case, the plaintiff engaged in a pattern of conduct over a period of time which evidenced a willful and contumacious intent to not provide disclosure. Accordingly, the Supreme Court providently exercised its discretion in granting the motion of the defendant Frank Evangelista to dismiss the complaint insofar as asserted against him

and to vacate the mechanics' liens and lis pendens at issue (*see Cutolo v Khalife,* 242 AD2d 661; *Porreco v Selway,* 225 AD2d 752; *DeGennaro v Robinson Textiles,* 224 AD2d 574).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.