■ MARLINE PENAFIEL, Respondent, v LEIB PURETZ et al., Appellants, et al., Defendants. [748 NYS2d 767] —In an action to

recover damages for personal injuries, etc., the defendants Leib Puretz and Williamsboro Realty Corp., appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 16, 2001, as denied their motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

"While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of the Supreme Court's discretion (*see, Espinal v City of New York,* 264 AD2d 806; *Soto v City of Long Beach,* 197 AD2d 615, 616), striking a pleading is appropriate where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Birch Hill Farm v Reed,* 272 AD2d 282).

Here, the plaintiff's flagrant failure to comply with at least three discovery orders of the court over an extended period of time, without sufficient excuse, was willful and contumacious (*see Castrignano v Flynn,* 255 AD2d 352; *Kubacka v Town of N. Hempstead,* 240 AD2d 374; *Frias v Fortini,* 240 AD2d 467). The Supreme Court therefore improvidently exercised its discretion in denying the appellants' motion to dismiss the complaint insofar as asserted against them (*see Montgomery v City of New York,* 296 AD2d 386; *Ali v Lazerovitch,* 281 AD2d 502; *Birch Hill Farm v Reed, supra*; *Hudson v City of New York,* 267 AD2d 351; *Espinal v City of New York,* 264 AD2d 806; *Herrera v City of New York,* 238 AD2d 475).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.