■ EDGAR LOPEZ et al., Appellants, v LINCOLN APPLIANCES, BEDDING & FURNITURE, et al., Respondents. [751 NYS2d 556] —In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from (1) a judgment of the Supreme Court, Kings County (Mason, J.), dated May 17, 2001, which, upon an order of the same court, dated May 1, 2001, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against them dismissing the complaint, and (2) an order of the same court, dated January 29, 2002, which denied their motion denominated as one to vacate, renew, and reargue, but which was, in effect, for leave to reargue.

Ordered that the appeal from the order dated January 29, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The injured plaintiff, Edgar Lopez, was involved in an automobile accident on a city street on a windy evening when he swerved the vehicle he was driving to avoid a cardboard box which was in his lane of travel. The evasive maneuver placed his vehicle in the path of an oncoming vehicle and resulted in a head-on collision. The plaintiffs subsequently commenced this action claiming that the defendants, an appliance store and its owners, were negligent in placing the box outside their store. The Supreme Court granted the defendants' motion for summary judgment, and dismissed the complaint in the judgment appealed from. Subsequently, the Supreme Court denied the plaintiffs' motion, in effect, for leave to reargue the summary judgment motion.

The defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,*

68 NY2d 320, 325). The defendants' motion was supported by sufficient evidence to demonstrate that they were not negligent in the disposal of the cardboard box. The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form establishing the existence of a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562). The submissions of the plaintiffs were insufficient to raise an issue of fact regarding either the defendants' negligence or causation.

The plaintiffs' subsequent motion, denominated as one to vacate, reargue, and renew the prior motion, was not based on new facts which were unavailable at the time they opposed the defendants' motion for summary judgment. Therefore, the motion was actually one for leave to reargue, the denial of which is not appealable (*see Aloi v Silipo Welding*, 293 AD2d 504, 505; *Quinn v Menzel*, 282 AD2d 513). Santucci, J.P., Townes, Crane and Rivera, JJ., concur.