■ ROCK CITY SOUND, INC., Respondent, v BASHIAN & FARBER, LLP, et al., Appellants. [920 NYS2d 394]—

In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated December 9, 2009, as granted that branch of the plaintiff's renewed motion pursuant to CPLR 3126 which was to strike their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The genesis of this case is a dispute between the two shareholders of the plaintiff, an audio equipment corporation formed in 1977. The dispute, which generated extensive litigation and several appeals in this Court, arose in or around 2004, when Lee Kalish, one of the shareholders, gave notice to the plaintiff and to Shelton Lindsay, the other shareholder, pursuant to the shareholders' agreement, that he wished to sell his shares for the "Established Value" and withdraw from the corporation. When Kalish and Lindsay were unable to agree on the "Established Value," Kalish sued Lindsay. The defendants in this action represented the plaintiff and Lindsay in Kalish's lawsuit. Ultimately, Lindsay resigned as a shareholder and filed for personal bankruptcy. Thereafter, Kalish and the bankruptcy trustee who took over Lindsay's interests in the plaintiff voted to commence this action against the defendants, alleging, among other things, legal malpractice and violation of Judiciary Law § 487. In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's renewed motion pursuant to CPLR 3126 which was to strike the defendants' answer. The defendants appeal, and we affirm the order insofar as appealed from.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the motion court (*see Raville v Elnomany*, 76 AD3d 520, 521 [2010]; *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d 567, 568 [2007]; *Ordonez v Guerra*, 295 AD2d 325, 326 [2002]). However, the "drastic remedy" (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]) of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious (*see Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *Moray v City of Yonkers*, 76 AD3d 618, 619 [2010]; *Cobenas v Ginsburg Dev. Cos., LLC*, 74 AD3d 1269, 1270 [2010]; *Xiao Yang Chen v Fischer*, 73 AD3d 1167 [2010]). " 'Will-

ful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply' " (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010], quoting *Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954-955 [2009]), " 'or a failure to comply with court-ordered discovery over an extended period of time' " (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010], quoting *Prappas v Papadatos*, 38 AD3d 871, 872 [2007]; *see Russell v B&B Indus.*, 309 AD2d 914, 915 [2003]; *Penafiel v Puretz*, 298 AD2d 446, 447 [2002]).

It is clear from this record that the defendants willfully and contumaciously defied discovery orders of the Supreme Court by repeatedly failing to submit files requested by the plaintiff (*see Russell v B&B Indus.*, 309 AD2d at 915; *Nicoletti v Ozram Transp.*, 286 AD2d 719, 719-720 [2001]; *Penafiel v Puretz*, 298 AD2d at 447). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's renewed motion which was to strike the defendants' answer (*see Nicoletti v Ozram Transp.*, 286 AD2d at 719-720; *Penafiel v Puretz*, 298 AD2d at 447).

The defendants' remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.