■ JOHN MATONE et al., Respondents, v SYCAMORE REALTY CORP. et al., Defendants, and JOSEPH MULLE, Appellant. [930 NYS2d 460]—

It is not an improvident exercise of discretion for a court to strike a party's pleading based upon a willful and contumacious failure to comply with discovery demands or orders (*see Rock*

*City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685 [2011]; cf. *Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *Moray v City of Yonkers*, 76 AD3d 618, 619 [2010]; *Cobenas v Ginsburg Dev. Cos., LLC*, 74 AD3d 1269, 1270 [2010]). " 'Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply' " (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010], quoting *Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954-955 [2009]), " 'or a failure to comply with court-ordered discovery over an extended period of time' " (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800, quoting *Prappas v Papadatos*, 38 AD3d 871, 872 [2007]; *see Russell v B&B Indus.*, 309 AD2d 914, 915 [2003]; *Penafiel v Puretz*, 298 AD2d 446, 447 [2002]).

The record reveals that the appellant failed over an extended period of time to comply with either the Supreme Court's preliminary conference order or the plaintiffs' notices for discovery, and that he never offered any explanation therefor. Under such circumstances, the Supreme Court was warranted in granting that branch of the plaintiff's motion which was to strike the appellant's answer. In addition, once the appellant's answer was stricken, the court properly concluded that the plaintiffs were entitled to the relief sought in the complaint, to wit, discharge of the subject mortgage lien (*see Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339 [2004]; *Lavi v Lavi*, 256 AD2d 602 [1998]; *see also Saberhagen v Sweeney*, 28 AD3d 737 [2006]).

The appellant's remaining contentions are without merit. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.