■ SCOTT MACDONALD, Appellant, v JACK LEIF, Respondent. [933 NYS2d 363]—

"Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court. A determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (*Duncan v Hebb*, 47 AD3d 871, 871 [2008] [internal quotation marks and citation omitted]; *see Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954 [2009]). Although actions should be resolved on the merits whenever possible, where the conduct of the resisting party is shown to be willful and contumacious, the striking of a pleading is warranted (*see Brown v Astoria Fed. Sav.*, 51 AD3d 961, 962 [2008]; *Martin v City of New York*, 46 AD3d 635 [2007]; *Maiorino v City of New York*, 39 AD3d 601 [2007]). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply (*see Matone v Sycamore Realty Corp.*, 87 AD3d 1113 [2011]; *Duncan v Hebb*, 47 AD3d at 871; *Maiorino v City of New York*, 39 AD3d at 602).

Here, the plaintiff's willful and contumacious conduct can be inferred from his failure, over an extended period of time, to comply with the defendant's demands for discovery and the court's orders directing disclosure (*see Matone v Sycamore Realty Corp.*, 87 AD3d 1113 [2011]), and the inadequate excuse offered to justify the failures (*see Maiorino v City of New York*, 39 AD3d at 602; *Matter of Denton v City of Mount Vernon*, 30 AD3d 600, 601 [2006]). Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 3126 to dismiss the complaint. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.