■ Don Dokaj et al., Appellants, v Ruxton Tower Limited Partnership et al., Respondents, et al., Defendants. (And a Third-Party Action.) [938 NYS2d 101]—

In 1994, the injured plaintiffs, and their wives, suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained on August 21, 1993, when the elevator in which the injured plaintiffs were passengers suddenly fell several stories. In an order dated September 21, 2010, the Supreme Court, inter alia, denied the plaintiffs' motion, in effect, to vacate a prior order granting the unopposed motion of the defendant Armor Kone Elevator Co., Inc. (hereinafter Armor), pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it based upon the plaintiffs' failure to comply with court-ordered discovery, denied the plaintiffs' separate motion, among other things, pursuant to CPLR 3126 to strike the answers of Armor and the defendants Ruxton Tower Limited Partnership, Jeffrey B. Lewis, and Eric D. Rosenfeld (hereinafter collectively Ruxton), and granted Ruxton's motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it based upon the plaintiffs' failure to comply with discovery. The plaintiffs appeal, and we affirm the order dated September 21, 2010, insofar as appealed from.

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see *Karamuco v Cohen*, 90 AD3d 998 [2d

Dept 2011]; *Donovan v Chiapetta*, 72 AD3d 635 [2010]). The determination of what constitutes a reasonable excuse for a default lies within the trial court's discretion (*see Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494, 495 [2000]). Here, the plaintiffs did not demonstrate a reasonable excuse for failing to oppose Armor's motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it (*see* CPLR 5015 [a] [1]). Furthermore, the plaintiffs failed to demonstrate a reasonable excuse for their failure to comply with court-ordered discovery (*see Tutt v City of Yonkers*, 11 AD3d 532 [2004]; *Rodriguez v New York Methodist Hosp.*, 3 AD3d 526, 527 [2004]). The plaintiffs also failed to demonstrate a potentially meritorious opposition to Armor's motion (*cf. Caprio v 1025 Manhattan Ave. Corp.*, 63 AD3d 656, 657 [2009]). Accordingly, the Supreme Court properly denied the plaintiffs' motion, in effect, to vacate the order granting Armor's unopposed motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it.

The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is within the broad discretion of the motion court (*see Quinones v Long Is. Jewish Med. Ctr.*, 90 AD3d 632 [2011]; *Novick v DeRosa*, 51 AD3d 885 [2008]). "A determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (*Duncan v Hebb*, 47 AD3d 871, 871 [2008]; *see MacDonald v Leif*, 89 AD3d 995 [2011]; *Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954 [2009]). The striking of a pleading may be warranted where the conduct of a party is shown to be willful and contumacious (*see Brown v Astoria Fed. Sav.*, 51 AD3d 961, 962 [2008]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431 [2008]).

Here, the willful and contumacious nature of the plaintiffs' conduct can be inferred from their failure, over an extended period of time, to comply with Ruxton's discovery demands and the court's orders directing disclosure, and the absence of an adequate excuse for the failure to comply (*see MacDonald v Leif*, 89 AD3d at 995; *Novick v DeRosa*, 51 AD3d at 885). Accordingly, the Supreme Court providently exercised its discretion in granting Ruxton's motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it.

The plaintiffs' remaining contention is without merit. Dillon, J.P., Lott, Roman and Cohen, JJ., concur.