Restivo v Lineros (2025 NY Slip Op 00998)

Restivo v Lineros

2025 NY Slip Op 00998

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-05561
 (Index No. 243/21)

[*1]Louis A. Restivo, respondent, 
v
Olga Lineros, appellant.

Musa-Obregon Law, P.C., Maspeth, NY (Karl J. Ashanti of counsel), for appellant.
Raymond S. Voulo, Mineola, NY, for respondent.

DECISION & ORDER
In an action pursuant to Civil Rights Law § 80-b to recover an engagement ring or the value thereof, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated June 2, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was to vacate a judgment of the same court entered December 6, 2021, which, upon an order of the same court dated September 30, 2021, granting the plaintiff's motion for leave to enter a default judgment against the defendant, is in favor of the plaintiff and against the defendant in the principal sum of $44,000.
ORDERED that the order dated June 2, 2022, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to Civil Rights Law § 80-b to recover an engagement ring or the value thereof. Upon the defendant's default in answering the complaint, the plaintiff moved for leave to enter a default judgment against the defendant. In support of the motion, the plaintiff submitted, among other things, an appraisal valuing the subject ring at $44,000. The defendant opposed the motion, asserting that the ring was a gift and not an engagement ring. The defendant did not dispute that the value of the ring was $44,000. In an order dated September 30, 2021, the Supreme Court granted the motion and directed that, if the defendant did not return the ring within a specified time, the plaintiff was to be awarded the principal sum of $44,000. The defendant did not return the ring within the specified time and in a judgment entered December 6, 2021, the court awarded the plaintiff the principal sum of $44,000 with interest.
The defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the judgment, arguing that she had a reasonable excuse for her default in answering the complaint and a potentially meritorious defense to the action inasmuch as the ring was an unconditional gift and was not accompanied by a marriage proposal. The defendant did not dispute that the value of the ring was $44,000, or seek vacatur on the ground that an inquest on the issue of damages was warranted. In an order dated June 2, 2022, the Supreme Court denied the motion. The defendant appeals.
On appeal, the defendant's sole argument is that the Supreme Court erred in failing to hold an inquest on damages. The defendant's contention is improperly raised for the first time on appeal and not properly before this Court (see LD Acquisition Co. 9, LLC v TSH Trade Group, [*2]LLC, 211 AD3d 928, 930; Nicoletti v Ozram Transp., 286 AD2d 719, 720).
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court