**Eminent Funding, LLC v DNA USA Corp.**

2026 NY Slip Op 30833(U)

March 4, 2026

Supreme Court, Kings County

Docket Number: Index No. 518890/2023

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 4th day of March 2026.

P R E S E N T: <u>HON. ANNE J. SWERN, J.S.C.</u>

==================================================

EMINENT FUNDING, LLC,

<i>Plaintiff,</i>

-against-

DNA USA CORP. DBA DNA LOGISTICS,
SYMMETRY TELECOM, INC,
JOEL GIOVANNI CASTRO PINTO AKA JOEL PINTO,

<i>Defendants.</i>

==================================================

<u>DECISION & ORDER</u>
Index No.: 518890/2023

Calendar No.: 11

Motion Seq. No.: 5

*Recitation of the following papers as required by CPLR 2219 (a):*

**NYSCEF
Papers Numbered**

005    Notice of Motion and Supporting Documents
       and Affirmation in Opposition…………………………...120-131, 133, 148-149, 153

*Upon the foregoing papers, the decision and order of the Court is as follows:*

## Introduction

This action is for breach of contract and personal guarantee for the purchase of future receivables. Plaintiff, EMINENT FUNDING, LLC ("plaintiff"), has now filed a motion pursuant to CPLR § 3215 directing the Clerk to enter judgment in favor of plaintiff and against defendants DNA USA CORP. DBA DNA LOGISTICS, SYMMETRY TELECOM, INC, and JOEL GIOVANNI CASTRO PINTO AKA JOEL PINTO ("defendants") for the amount demanded in the complaint, $23,998.92, plus costs and statutory interest from June 28, 2023. The motion is granted.

## Facts

On or about May 30, 2023, plaintiff and defendants entered into an agreement whereby plaintiff agreed to purchase all rights to $14,999.00 of the corporate defendants' future receivables. Plaintiff asserts that in the agreement and as a condition to plaintiff's purchase, the individual defendant personally guaranteed all amounts owed to plaintiff. Plaintiff further asserts that it satisfied

its obligation under the agreement by delivering to defendants $10,000.00, the purchase price for said receivables. According to the agreement, defendants agreed to maintain one bank account approved by plaintiff, from which defendants authorized plaintiff to make ACH withdrawals until the purchased receivables were fully paid to plaintiff.[1]

Plaintiff asserts that initially, defendants met their obligations under the agreement, but then they stopped delivering purchased receivables to plaintiff, all while still conducting regular business operations. Defendants are now in default, only having delivered $1,249.90 to plaintiff. Therefore, under the terms of the agreement, they are responsible for collection fees of $2,749.82 (20% of the Outstanding Adjusted Sold Amount of Future Receipts), and a $7,500.00 waiver fee, *i.e.,* $2,500 for each of the three times defendants failed to make their payment to plaintiff and plaintiff nonetheless did not default the defendants.[2] The outstanding balance due is an additional $23,998.92 on the original amount owed, plus costs, disbursements, and statutory interest from June 28, 2023.

**Procedural History**

Plaintiff commenced this action on June 29, 2023, by filing a summons and complaint. Defendants served an answer with counterclaims on July 31, 2023, and plaintiff served a reply thereto on August 1, 2023. Plaintiff then served various demands for information which included, *inter alia,* a Notice to Admit per CPLR § 3123 requesting fifteen admissions as to the contract/agreement dated May 30, 2023. Defendants objected to each demand and without waiving their objections, denied all fifteen demands, including the demands to authenticate "a true and accurate copy" of the contract/agreement. Defendants similarly objected to plaintiff's discovery demands and demand for interrogatories. Plaintiff served a notice of rejection as to defendants' "inadequate' responses." The Court then issued a Preliminary Conference Order on January 3, 2024.

---

[1] An ACH withdrawal (or ACH debit) is an electronic, "pull-based" transfer that moves funds out of a U.S. bank account via the Automated Clearing House network.
[2] *See also* ¶ 10 of plaintiff Alexander Eckstein's affirmation in support of the motion.

[* 2]

Once the parties were unable to resolve the discovery issues, plaintiff served a motion seeking an order per CPLR § 3126 [3] striking defendants' answer or, in the alternative, an order per CPLR § 3126 [2] precluding defendants from offering evidence at trial concerning the information demanded but not provided. Defendants failed to oppose this motion. By an order dated March 14, 2024, the Court granted the motion to the extent that defendants were ordered to respond to plaintiff's discovery demands within 30 days of entry of the order, noting that there was a pending Order to Show Cause by defendants' counsel to withdraw as their attorneys. However, this application was withdrawn due to defense counsel's inability to effectuate service.

The Court then issued a Compliance Conference order dated May 24, 2024, directing that all discovery was to be completed by June 13, 2025. Based on defendants' continuing non-compliance with plaintiff's discovery demands and the Court's discovery orders, plaintiff served a second motion for an order per CPLR § 3126 [3] striking defendants' answer on March 10, 2025. On March 17, 2025, defense counsel filed a second request for an Order to Show Cause to withdraw as their attorney. By an Order dated June 26, 2025, the Court granted the application to be relieved as counsel and stayed the action for 45 days to allow defendants to retain new counsel. On September 9, 2025, once the stay expired, the Court granted plaintiff's motion to strike defendants' answer upon their failure to oppose the motion. The Court also directed that the Note of Issue [for an inquest] was to be filed by April 24, 2026. Plaintiff then served this current motion for a default judgment per CPLR § 3215 directing the clerk to enter judgment in favor of plaintiff.

**Law and Analysis**

The appropriate remedy where defendants have appeared and answered but their answer is later stricken, is an inquest as to damages (*Hudson v City of New York*, 267 AD2d 351, 352 [2d Dept 1990]; *Espinal v City of New York*, 264 AD2d 806 [2d Dept 1999]), unless the damages sought in an action are for a "sum certain or for a sum which can by computation be made certain" (*Rokina Optical Co. v Camera King, Inc.,* 63 NY2d 728, 730 [1984]; CPLR § 3215, subd [a]).

[* 3]

The September 9, 2025 order struck defendants' answer in its entirety and directed that the Note of Issue be filed for an inquest. However, where an answer is stricken per CPLR § 3126 [3], the Court may enter judgment without the need for an inquest (*id.* at p.729). Here, plaintiff's damages are for a sum certain, plus penalties and interest as defined by the agreement and set forth in the complaint.

Accordingly, it is hereby

ORDERED that the plaintiff's motion for an order per CPLR § 3215 directing the Clerk to enter judgment in favor of plaintiff and against defendants for the amount demanded in the complaint, $23,998.92, plus penalties in the amount of $10,249.82, plus costs and statutory interest from June 28, 2023, is GRANTED; and it is further

ORDERED that plaintiff shall submit a Clerk's judgment, and it is further

ORDERED that the Clerk shall enter judgment in the amount of $23,998.92, $23,998.92, plus penalties in the amount of $10,249.82, plus costs and statutory interest from June 28, 2023.

This constitutes the decision and order of the Court.

E N T E R ·

_____
**Hon. Anne J. Swern, J.S.C.**
**Dated:** 3/4/2026