■ MARLINE PENAFIEL et al., Respondents, v LEIB PURETZ et al., Appellants, et al., Defendants. [786 NYS2d 529]—

In a consolidated action, inter alia, to recover damages for personal injuries, the defendants Leib Puretz and Williamsboro Realty Corp. appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County, dated March 1, 2004, as granted the plaintiffs' motion to consolidate the two original actions and (2) an order of the same court dated March 31, 2004, as denied their unopposed motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them in the action originally commenced under index No. 49611/02.

Ordered that the order dated March 31, 2004, is reversed insofar as appealed from, on the law, the facts, and as a matter of discretion, the motion is granted, the complaint in the action originally commenced under index No. 49611/02 is dismissed insofar as asserted against the defendants Leib Puretz and Williamsboro Realty Corp., and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated March 1, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The unrefuted proof submitted by the defendants Leib Puretz and Williamsboro Realty Corp. (hereinafter Williamsboro) in support of their motion to dismiss the complaint in the action originally commenced under index No. 49611/02 demonstrated, inter alia, that the plaintiffs did not answer or object to the discovery demands and notices served upon them by the defendants in October 2003. Such demands and notices were substantially the same as those the appellants served upon the plaintiffs in the earlier action commenced under index No. 4284/

98, in which, by decision and order dated October 15, 2002, this Court dismissed the complaint insofar as asserted against the same defendants due to the failure of the plaintiffs to respond (*see Penafiel v Puretz,* 298 AD2d 446 [2002]). By the plaintiffs' continuing refusal to provide the discovery properly sought by the appellants, the circumstances discussed in our October 15, 2002, decision and order have only been exacerbated. The plaintiffs' failure to comply with the discovery demands and notices originally served in April 1998, and served again in the instant action in October 2003, has resulted in a cumulative history of noncompliance of nearly six years. In this unique context, the Supreme Court erred in denying the unopposed motion to dismiss the complaint (*see Birch Hill Farm v Reed,* 272 AD2d 282 [2000]).

In light of our determination that the action originally commenced under index No. 49611/02 should be dismissed insofar as asserted as against Puretz and Williamsboro, the appeal from the order granting consolidation has been rendered academic. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.