█ ILUVINA PEREZ, Respondent, v ZHEVAT MEKULOVIC et al., Appellants. [789 NYS2d 6]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered February 9, 2004, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff commenced an action against the owners of an apartment building in which she resides for personal injuries she sustained when she slipped and fell down an interior stairway due to the accumulation of urine on the stairs. At her deposition, plaintiff testified that prior to her accident she did not observe urine on the steps, she did not know how long the condition existed, and she did not remember ever seeing urine on the stairs prior to her accident. In opposition to defendants' motion for summary judgment, plaintiff submitted, inter alia, an errata sheet of her deposition (eight months after her deposition), and an affidavit on her own behalf that materially conflicted with her previous sworn deposition testimony. Neither of these

submissions should have been considered by the motion court (*see Zamir v Hilton Hotels Corp.*, 304 AD2d 493, 493-494 [2003]; *cf. Cillo v Resjefal Corp.*, 295 AD2d 257 [2002]; *and see Kistoo v City of New York*, 195 AD2d 403, 404 [1993]).

The remaining opposition submitted by plaintiff, however, is sufficient to establish that there is a question of fact as to whether defendants had actual or constructive notice of the dangerous condition on the stairs. Plaintiff submitted affidavits of her neighbor and son. Both stated that they resided in the same building and that within the previous year or two, each complained to the landlord on numerous occasions about the recurring presence of debris, garbage and spilled liquids that smelled like urine on the stairs where plaintiff fell. Therefore, it is a question of fact whether defendants had notice of each specific recurrence of this dangerous condition (*Simoni v 2095 Cruger Assoc.*, 285 AD2d 431, 432 [2001]). Furthermore, contrary to defendants' contention, plaintiff did not have to prove that defendants knew the exact nature of the liquid that caused plaintiff to fall (*id.*). Concur—Nardelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.