■ WILLIAM C. HORN, Appellant, v PTJP PARTNERS, LP., et al., Respondents. [791 NYS2d 21]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 12, 2004, which granted defendants' motion for summary judgment dismissing the causes of action for breach of contract, breach of implied contract and unjust enrichment, thereby dismissing the complaint in its entirety, the other

causes of action having been dismissed in a prior order, and, in a separate action, orders, same court and Justice, both entered March 30, 2004, which granted defendants' motion to dismiss the complaint on the ground of res judicata, and denied plaintiff's motion to consolidate as moot, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 15, 2002, which denied plaintiff's motion to compel disclosure, unanimously dismissed, without costs, as abandoned and moot.

Plaintiff, a securities trader, claims that his former employer, a partnership in the business of trading securities on its own behalf, and its individual principals, inter alia, wrongfully charged losses to his capital account when they terminated him. The motion court did not reach that claim, finding instead an accord and satisfaction, based on plaintiff's deposition testimony that, after his termination, he had solicited and retained payment of the precise amount that he had determined defendants owed him from his capital account, which was the only amount in dispute at the time, and thereby clearly evinced an intent to accept such payment in discharge of the disputed obligation. Given this clear manifestation of intent, no basis exists to disturb the finding of accord and satisfaction, notwithstanding that the payment did not bear a legend indicating that it was in settlement of any outstanding dispute, or that defendants did not otherwise expressly inform plaintiff that acceptance of the payment would discharge his claim (cf. *Nationwide Registry & Sec. v B&R Consultants*, 4 AD3d 298, 300 [2004]). The affidavit submitted by plaintiff as evidence of his contrary intent is insufficient to raise an issue of fact in the face of his earlier contradictory deposition testimony (see *Perez v Mekulovic*, 13 AD3d 158, 158-159 [2004]). We do not consider the prior order dismissing plaintiff's breach of fiduciary duty cause of action for failure to state a cause of action, the appeal of which was previously dismissed by this Court, and, contrary to plaintiff's contention, such dismissal is not brought up for review by the instant appeal of the summary judgment order (see *Cardinal Holdings v Chandre Corp.*, 302 AD2d 550 [2003]). In any event, were we to review such dismissal, we would affirm on the basis of plaintiff's deposition testimony that he was not a partner of the firm, his failure to refute defendants' averment that he was an independent contractor, and the absence of evidence of a confidential relationship. The second action was properly dismissed on the ground of res judicata, notwithstanding the difference in the relief sought (see *Santiago v New York City Bd. of Health*, 8 AD3d 179, 181 [2004]). In view of the foregoing, the motion to consolidate is moot. We have considered plaintiff's other argu-

ments and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.