— Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 12, 2007. The order granted the motion of defendants Niagara Falls Urban Renewal Agency and City of Niagara Falls for summary judgment dismissing the complaint and for vacatur and cancellation of the notice of pendency.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: The Niagara Venture (NV), the plaintiff in appeal Nos. 1 and 3, appeals from the orders in appeal Nos. 1 through 3 that were entered in two separate actions concerning the development rights related to a parcel of real property (hereafter, parcel 11B). Dino DiCienzo and Intertrust Development, Inc. (collectively, DiCienzo plaintiffs) commenced action No. 1 against the Niagara Falls Urban Renewal Agency (NFURA), and NV commenced action No. 2 against, inter alia, NFURA and the City of Niagara Falls (collectively, NFURA defendants). NV thereafter stipulated to discontinue action No. 2 against the remaining two individual defendants.
Addressing first action No. 2, we conclude with respect to the order in appeal No. 3 that Supreme Court properly granted that part of the motion of the NFURA defendants for summary judgment dismissing the complaint in action No. 2 and thus also properly granted that part of the motion seeking to vacate and cancel the notice of pendency in that action. The NFURA defendants met their initial burden of establishing that NV did not legally exist as a viable limited partnership (see generally Partnership Law arts 8, 8-A), and NV failed to oppose the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although NV contends that it was denied an opportunity to respond to the motion, that contention is based on material outside the record on appeal and thus is not properly before us (see Matter of Prudential Prop. & Cas. Ins. Co. v Ambeau, 19 AD3d 999, 1000 [2005]). Contrary to the further contentions of NV a court is not required to grant oral argument of a motion, even in the event that a party seeks oral argument (see 22 NYCRR 202.8 [d]), nor is reversal required on the ground that the court did not issue a written decision supporting the order in appeal No. 3 (see e.g. Beverina v West, 195 AD2d 909, 909 n [1993]; Bergin v Peplowski, 173 AD2d 1012, 1013-1014 [1991]; cf. 22 NYCRR 130-1.2)
*1151 Based on our decision in appeal No. 3, we dismiss as moot the appeal from the order in appeal No. 1 denying the motion of NV for consolidation of the two actions (see Penafiel v Puretz, 12 AD3d 431, 432 [2004]; Colonial Commercial Corp. v Breskel Assoc., 238 AD2d 539, 539-540 [1997]). Contrary to the contention of NY the appeal from the order denying consolidation does not bring up for review the propriety of the order granting the motion of the NFURA defendants for, inter alia, summary judgment dismissing the complaint in action No. 2 (see Horn v PTJP Partners, LP., 16 AD3d 103, 104 [2005]).
Finally, we conclude with respect to the order in appeal No. 2 that, pursuant to the doctrines of collateral estoppel and res judicata, the court properly denied NV’s motion to intervene in the action commenced by the DiCienzo plaintiffs (see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-349 [1999]). NFURA and the DiCienzo plaintiffs established that the issue of NV’s legal existence had been raised and necessarily decided in the order granting the motion for summary judgment of the NFURA defendants in appeal No. 3, and NV failed to establish that it did not have a full and fair opportunity to litigate the issue (see id.). Furthermore, the dismissal of action No. 2 precludes NV from raising different theories to support its claims against NFURA relating to parcel 11B (see id. at 347), and thus precludes the contention of NV that the claims against NFURA were part of the “winding up” of the limited partnership. Present—Scudder, RJ., Lunn, Fahey and Pine, JJ.