Jackson v Adfia Realty, LLC (2019 NY Slip Op 02630)





Jackson v Adfia Realty, LLC


2019 NY Slip Op 02630


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8906N 302996/14

[*1] Jasmine Jackson, Plaintiff-Appellant,
v
Adfia Realty, LLC, et al., Defendants-Respondents, Sobro Realty, Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Miranda Slone Sklarin Verveniotis LLP, Elmsford (Debora J. Dillon of counsel), for Adfia Realty, LLC, respondent.
Koster, Brandy & Nagler, LLP, New York (William H. Gagas of counsel), for Hire Point Staffing Solutions, respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about January 10, 2018, which, insofar as appealed from, granted defendant Hire Point Staffing Solutions's motion to strike the errata sheet to plaintiff's deposition transcript as to correction numbers 2, 3, 4, 5, 13, 14, 15, 17, 18, 28, and 30, as identified in the letter of Jason J. Lavery dated April 18, 2017 and annexed to the motion papers as Exhibit J, unanimously modified, on the law and the facts, to deny the motion as to correction numbers 2, 4, 13, 28 and 30, and otherwise affirmed, without costs.
This action for personal injuries arose when plaintiff allegedly slipped and fell on a sidewalk in front of and/or adjacent to a property located at 258 East 138th Street. At the time of the accident, the property was managed by codefendant Sobro Realty, owned and operated by defendant Adfia Realty LLC, and leased by defendant Hire Point Staffing Solutions (Hire Point).
Supreme Court providently exercised its discretion in striking correction numbers: 3, 5, 14, 15, 17, and 18, because plaintiff failed to provide an adequate reason for the critical, substantive changes she sought to make, which would materially alter her deposition testimony on issues concerning the basis for Hire Point's negligence as alleged in the pleadings (see Perez v Mekulovic, 13 AD3d 158, 158-159 [1st Dept 2004]; Schachat v Bell Atl. Corp., 282 AD2d 329 [1st Dept 2001]).
However, we modify the order to deny Hire Point's motion to strike correction numbers 2, 4, 13, 28 and 30, because those changes are not critical, substantive changes that materially alter plaintiff's original deposition testimony on issues concerning the basis for Hire Point's alleged negligence (see Carrero v New York City Hous. Auth., 162 AD3d 566, 566 [1st Dept [*2]2018]). Lastly, we find that plaintiff has provided satisfactory explanations as to those corrections, which raise issues of credibility that should be left for trial (see Cillo v Resjefal Corp., 295 AD2d 257 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK