Lambert v Bonilla (2022 NY Slip Op 00251)





Lambert v Bonilla


2022 NY Slip Op 00251


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 28857/18E Appeal No. 15057 Case No. 2021-00879 

[*1]Lisa A. Lambert, Plaintiff-Appellant,
v
Sencion Bonilla et al., Defendants-Respondents.


Bailly and McMillan, LLP, White Plains (Richard DePonto of counsel), for appellant.
Rosenbaum & Taylor, PC, White Plains (Mark E. Jordan-Poinsette of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about October 14, 2020, which denied plaintiff's motion for summary judgment on liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie entitlement to summary judgment as it is undisputed that defendants' vehicle rear-ended plaintiff's car. Defendant, in turn, failed to offer a nonnegligent explanation for the accident sufficient to rebut the presumption of negligence. A conclusory assertion that the sudden stop of the lead vehicle caused the accident is in and of itself insufficient (see Gutierrez v Trillium USA, LLC, 111 AD3d 669, 670-671 [2d Dept 2013]). Further, stops that are foreseeable under prevailing traffic conditions must be anticipated by the driver who follows, who is under a duty to maintain a safe distance between his vehicle and the lead vehicle (see Reed v New York City Tr. Auth., 299 AD2d 330 [2d Dept 2002]). The only evidence of a "sudden stop" is the self-serving and conclusory affidavit of defendant, which we reject as a patent and belated attempt to create a feigned issue of fact. Defendant's affidavit contradicts his deposition testimony in material respects. For example, at his deposition, defendant did not mention plaintiff's "erratic" driving or a sudden stop. At deposition, he stated that the brake lights on plaintiff's car never illuminated prior to the accident, but in his affidavit, defendant stated that he saw her brake lights illuminate as she tapped the brakes. We have consistently held that motion courts should not consider affidavits submitted in opposition to summary judgment motions when the facts alleged therein materially conflict with the party's prior deposition testimony (see Perez v Mekulovic, 13 AD3d 158 [1st Dept 2004]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022