Follors v TI Ozone Park Stor., LLC (2022 NY Slip Op 05842)

Follors v TI Ozone Park Stor., LLC

2022 NY Slip Op 05842

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-03325
 (Index No. 715902/18)

[*1]Yolanda Follors, appellant, 
v
TI Ozone Park Storage, LLC, respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Michael H. Zhu, and Kelly Breslauer], of counsel), for appellant.
Hickey Smith Dodd, New York, NY (Maurice J. Recchia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered April 8, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered November 2, 2020, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3126 to dismiss the complaint for failure to comply with discovery demands, and thereupon, for leave to extend her time to submit opposition papers.
ORDERED that the order entered April 8, 2021, is affirmed, with costs.
In May 2018, the plaintiff commenced this action against the defendant, alleging that she was injured when she tripped and fell on an uneven sidewalk flag in front of the defendant's premises. In February 2019, the defendant interposed an answer and served the plaintiff with various discovery demands. In May 2019, the law firm representing the plaintiff moved, inter alia, to be relieved as counsel for the plaintiff. In August 2020, the defendant moved, among other things, pursuant to CPLR 3126 to dismiss the complaint, based on the plaintiff's failure to comply with the defendant's discovery demands. The plaintiff did not submit any papers in opposition to the defendant's motion. In October 2020, the law firm representing the plaintiff again moved, inter alia, to be relieved as counsel for the plaintiff.
In an order entered November 2, 2020, the Supreme Court granted that branch of the defendant's unopposed motion which was to dismiss the complaint. The plaintiff thereafter moved pursuant to CPLR 5015(a)(1) to vacate the order entered November 2, 2020, and thereupon, for leave to extend her time to submit opposition papers. In an order entered April 8, 2021, the court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Harrison v Toyloy, 174 AD3d 579, 580; see Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792; see Harrison v Toyloy, 174 AD3d at 580; Nationstar Mtge., LLC v Rodriguez, 166 [*2]AD3d at 991).
Here, the plaintiff argued that she had a reasonable excuse for her default in opposing that branch of the defendant's motion which was to dismiss the complaint because her attorneys believed that their second motion, among other things, to be relieved as counsel had the effect of automatically staying all proceedings in the action, even though the order to show cause by which that motion was brought did not contain a provision staying the proceedings. The Supreme Court properly determined that, even if the plaintiff had demonstrated a reasonable excuse for her default in opposing the defendant's motion, she failed to establish that she had a potentially meritorious opposition to the defendant's motion (see Xin Zheng Zhan v City of New York, 199 AD3d 1045, 1046; BAC Home Loans Servicing, LP v Parone, 126 AD3d 923, 924; Vujanic v Petrovic, 103 AD3d at 792).
A court is authorized to impose sanctions, including the dismissal of an action, when a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to [CPLR Article 31]" (CPLR 3126). It is appropriate to strike a pleading "where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Birch Hill Farm v Reed, 272 AD2d 282).
The defendant demonstrated that, for a period of more than 17 months, the plaintiff did not comply with the defendant's discovery demands, object to them, or seek to be relieved from the obligation to comply with them. A party's failure to comply with discovery demands over an extended period of time, in the absence of a valid excuse, "supports an inference that such failure was willful, contumacious, and in bad faith" (Blake v Chawla, 299 AD2d 437, 440; see Penafiel v Puretz, 12 AD3d 431; Birch Hill Farm v Reed, 272 AD2d at 282-283). While the plaintiff asserts in a conclusory manner that her failure to comply with the defendant's discovery demands was not willful and contumacious, she has not offered any explanation as to why she did not comply with or respond to the defendant's discovery demands. Thus, the plaintiff has failed to demonstrate that she has a potentially meritorious opposition to that branch of the defendant's motion which was to dismiss the complaint.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order entered November 2, 2020, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3126 to dismiss the complaint for failure to comply with discovery demands, and thereupon, for leave to extend her time to submit opposition papers.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court