Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC (2023 NY Slip Op 00408)

Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC

2023 NY Slip Op 00408

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2019-10486
 (Index No. 17637/12)

[*1]Comprehensive Mental Assessment & Medical Care, P.C., et al., appellants, 
v
Gusrae Kaplan Nusbaum, PLLC, respondent.

Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Arjeta Albani of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark K. Anesh, Cristina R. Yannucci, and Catherine Ryan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated July 24, 2019. The order denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Martin Schneier, J.H.O.) dated July 18, 2018, granting the defendant's unopposed motion pursuant to CPLR 3126 to strike the complaint and the plaintiffs' reply to the defendant's counterclaims.
ORDERED that the order dated July 24, 2019, is affirmed, with costs.
In 2012, the plaintiffs commenced this action against the defendant law firm, asserting, inter alia, causes of action to recover damages for legal malpractice and unjust enrichment. The defendant moved pursuant to CPLR 3126 to strike the complaint and the plaintiffs' reply to its counterclaims based on the plaintiffs' failure to comply with discovery orders directing them to produce certain individuals for depositions. While the motion was pending, the plaintiffs' attorney moved to be relieved as counsel. By order dated April 18, 2018, the Supreme Court granted the motion of the plaintiffs' attorney and stayed the action for 60 days in order to afford the plaintiffs the opportunity to retain new counsel, which it noted "is required for corporate entities." The plaintiffs subsequently defaulted in opposing the defendant's motion. By order dated July 18, 2018, the court granted the defendant's unopposed motion.
Thereafter, the plaintiffs moved pursuant to CPLR 5015(a)(1) to vacate the order dated July 18, 2018. By order dated July 24, 2019, the Supreme Court denied the motion. The plaintiffs appeal.
In order to vacate their default in opposing the defendant's motion pursuant to CPLR 3126 to strike the complaint and the plaintiffs' reply to the defendant's counterclaims, the plaintiffs were required to demonstrate a reasonable excuse for their default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., Inc., 67 NY2d 138, 141; Follors v TI Ozone Park Stor., LLC, 209 AD3d 843). Here, the plaintiffs [*2]failed to demonstrate a reasonable excuse for their default in opposing the defendant's motion (see CPLR 5015[a][1]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814). Contrary to the plaintiffs' contention that they were not aware that corporations must be represented by counsel pursuant to CPLR 321(a), the order dated April 18, 2018, specifically stated that counsel "is required for corporate entities." The record reflects that the plaintiffs' former counsel served that order upon them.
Since the plaintiffs failed to proffer a reasonable excuse, this Court need not consider whether they demonstrated a potentially meritorious opposition to the defendant's motion (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 986).
Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate the order dated July 18, 2018.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court