Manno v Hayes Law Practice, PLLC (2025 NY Slip Op 04167)

Manno v Hayes Law Practice, PLLC

2025 NY Slip Op 04167

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2020-04372
 (Index No. 520104/16)

[*1]Salvatore A. Manno, et al., appellants,
v Hayes Law Practice, PLLC, et al., respondents, et al., defendants.

Law Offices of Effie Soter, P.C., New York, NY (Dimitrios Kourouklis and Effimia Soter of counsel), for appellants.
Furman Kornfeld & Brennan, P.C., New York, NY (Shari Sckolnick, Andrew S. Kowlowitz, and Jason H. Seiler of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 6, 2020. The order granted the motion of the defendants Hayes Law Practice, PLLC, and Patrick J. Hayes pursuant to CPLR 3126 to strike the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for legal malpractice after their prior action to recover damages for injury to property (hereinafter the underlying action) was dismissed. The underlying action, in which the plaintiffs alleged that their home was severely damaged due to construction and demolition work done to a neighboring property, was dismissed because some of the causes of action were brought beyond the applicable statute of limitations and because the action was commenced without the filing of a summons.
The plaintiffs commenced the instant action against, among others, the defendants Hayes Law Practice, PLLC, and Patrick J. Hayes (hereinafter together the defendants). The defendants moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against them for spoliation of evidence and for failure to comply with court-ordered discovery. In an order dated May 6, 2020, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"The court has broad discretion to determine the nature and degree of any sanction to be imposed under CPLR 3126 for the failure to comply with discovery demands or orders" (Reyes v U.S. Sec. Assoc. Aviation Servs., Inc., 230 AD3d 708, 709 [internal quotation marks omitted]; see Pfeiffer v Shouela, 206 AD3d 941, 942). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Elaine Farsiso, LLC v Long Is. Compost Corp., 227 AD3d 868, 870 [internal quotation marks omitted]; see Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836).
"The willful and contumacious character of a party's conduct can be inferred from [*2]the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Reyes v U.S. Sec. Assoc. Aviation Servs., Inc., 230 AD3d at 709 [internal quotation marks omitted]).
Here, the defendants demonstrated that, from October 2018 through July 2019, the plaintiffs did not comply with the defendants' discovery demands, object to them, or seek to be relieved from the obligation to comply with them (see Follors v TI Ozone Park Stor., LLC, 209 AD3d 843, 845). While the plaintiffs contend in a conclusory manner that their failure to comply with the defendants' discovery demands was not willful or contumacious, they have not offered any explanation as to why they did not comply with or respond to the defendants' discovery demands (see id.).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court